# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–03047–WDM–KMT

ARTHUR FIELDS, and
VALERIE FIELDS,

       Plaintiffs,

v.

CONTINENTAL AIRLINES, INC.,

     Defendant.

---

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

---

In accordance with the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 26(c)(1)(G), this Confidentiality Agreement and Protective Order governs the disclosure of non-public Confidential Information, Trade Secrets, and Proprietary Information (as defined below), which are collectively referred to in this Order as "Confidential Material."

### Definitions

a.    "Confidential Information" includes Trade Secrets, financial and commercial information not publicly known, and personally sensitive information.

b.    "Trade Secrets" constitute information that is used in one's business and which gives one an opportunity to obtain an advantage over a competitor. It may include a formula, design, pattern, compilation, analysis, program, device, manual, technique or process.

c.    "Proprietary Information" includes Trade Secrets, plans for development, new products and services; marketing, selling and business plans; budgets and unpublished financial statements; manuals; strategies; training methods and techniques; non-public studies; and information regarding the skills and compensation of company employees.

**The Court hereby orders that**:

1.      Confidential Material shall not be filed with the Court, except as allowed or instructed by the Court or unless filed under seal in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, including the Electronic Case Filing Procedures (Civil Cases) (collectively, "Local Civil Rules").  Before Confidential Material is offered into evidence, the offering party shall give the Producing Party three (3) business days notice so that the Producing Party may take appropriate steps to protect the confidential nature of the information contained in the Confidential Material if it chooses to do so.  Confidential Material that is offered and accepted into evidence by the Court will lose its status as Confidential Material unless the party that is claiming the material as "Confidential" complies with the Federal Rules of Civil Procedure and the Local Civil Rules to have those materials sealed.  If a party offers a document into evidence that has been sealed pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules, that party must first inform other counsel and the Court to ascertain from the Court the method and manner that the sealed document will be offered.  Confidential Material shall not be used for any other purpose than this Litigation, including any business or commercial purpose.

2.      The designation of Confidential Material as "Confidential" shall be made by stamping each page of the Confidential Material with the legend "Confidential" prior to its production.  Confidential Material shall be kept confidential by the receiving parties and shall not be disclosed in any manner to any person, except as provided in this Order.

3.      Except as otherwise required by law, and until further order of the Court, Confidential Material designated as "Confidential" pursuant to the terms of this Order shall be disseminated or disclosed only to the following persons:

a.      Any party to this Litigation, solely to the extent necessary to assist in the conduct of the Litigation in accordance with the terms of this Order;

b.      Attorneys employed or retained by a party to this Litigation and the attorneys' staff, consultants, contractors and vendors who are providing services directly related to the Litigation;

c.      Officers, directors, representatives, and employees of a party who are directly involved in this Litigation, including in-house counsel and representatives of a party's insurer;

d.      Jurors and officers of the Court, including court reporters or others associated with the Court through the trial of this Litigation; and

e.      Witnesses (either at deposition or at trial), solely to the extent necessary to assist in the conduct of the Litigation and in accordance with the terms of this Order. This includes experts and consultants who are necessary to assist outside counsel of record in the conduct of this Litigation, and their staff employees and colleagues working within the same office or practice; provided, however, that Confidential Material shall not be disclosed to any expert or consultant, whether he testifies as a witness or not, unless the person receiving Confidential Material agrees to abide by the terms and conditions of this Order, by signing the confidentiality statement in the form attached as Exhibit A.

This Order applies to Confidential Material disclosed or provided to any expert or consultant, whether he testifies as a witness or not.

It is expressly understood and agreed that no party will provide Confidential Material to any other person besides those listed above.  Every person given access to Confidential Material shall be advised that the Confidential Material is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms of this Order.

4.      This Order shall not be construed to prevent examination of any person as a witness at trial or during deposition.  Moreover, this Order shall not be construed to prevent

examination of any person as a witness at trial or during deposition concerning any Confidential

Material that the witness had lawfully received prior to and apart from this lawsuit.

5. Any party may challenge the confidential status of a document that has been

produced by another party. If a Receiving Party objects to the classification of any document as

"Confidential" the Receiving Party shall state its objection and the basis therefore in writing for

each such document to the Producing Party, with notice to all parties. Within fourteen (14) days

of receipt of such objection, the Producing Party shall reply in writing. Interested counsel shall

then confer concerning any such dispute, and if an agreement cannot be reached, the Producing

Party shall, within ten (10) days from the date either party declares an impasse (in writing to all

parties), apply to the Court for a ruling to determine if a document (or category of documents)

designated as "Confidential" is entitled to such status and protection. Pending a ruling by the

Court on the motion, this Order shall remain in effect. Nothing in this Order should be construed

to shift the burden away from a party claiming confidential status to prove to the Court that the

materials are entitled to confidential status under the law. If the Producing Party fails to make

application with the Court within the prescribed period, the specified materials will lose their

confidential status.

6. This Order shall, absent written permission of the Producing Party, or further

order of the Court, continue to be binding throughout and after the conclusion of the Litigation,

including without limitation any appeals. Counsel for the parties agree to be bound by this Order

after the conclusion of the Litigation, as evidenced by their signatures below.

7. Nothing contained in this Order, nor any action taken in compliance with it, shall:

(1) operate as an admission by the Producing Party that the Confidential Material is admissible

in evidence or at trial; or (2) prevent the Producing Party from using or disclosing the Confidential Material for any purpose.  If the Producing Party makes the material public, the material will lose its protection under this Order.

8.      In the event that any Confidential Material is used in any court proceeding in this Litigation or any appeal therefrom, other than as admitted evidence, said Confidential Material shall not lose its status as Confidential Material through such use. If a party intends to use a document that has been labeled as Confidential Material in a motion, the party intending to use that material shall give three (3) business days notice to the Producing Party of such intent.  The Producing Party will then be given an opportunity to seek to seal the materials pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court or prevent the filing of the Confidential Materials in the court records.  If the Producing Party fails to file a motion to seal under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court or to otherwise seek protection from the Court to protect the confidential nature of the materials within 14 days of receipt of notice of the intent to attach the document as an exhibit to a motion, then the Confidential Material may be filed with the motion.

9.      This Order shall govern all documents, information, and other materials designated by the Producing Party to be "Confidential," as specifically defined by this Order, unless a separate protective order has been entered to specifically address a document or category of documents, in which case the more specific protective order will govern.

10.      In the event additional parties join or are joined in this Litigation, they shall also be bound by this order.

Dated this 28th day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

**APPROVED AS TO FORM:**

/s/ Roger D. Drake

Patricia M. Jarzobski
Patricia M. Jarzobski, P.C.
THE LAW OFFICES OF PATRICIA M. JARZOBSKI,
P.C.
501 S. Cherry St., Suite 610
Denver, CO 80246
Phone:  303-322-3344
Facsimile:  303-322-6644
zobski@msn.com

Roger D. Drake
California State Bar No. 237834
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, California  90025
Phone: 303-861-2800
Facsimile: 303-832-7116
rdrake@baumhedlundlaw.com

COUNSEL FOR PLAINTIFFS

/s/ Mark Thomas Clouatre

John H. Martin
Attorney-in-charge
Texas State Bar No. 13086500
Jennifer P. Henry
Texas State Bar No. 15859500
David C. Schulte
Texas State Bar No. 24037456
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas  75201-2533
Phone: 214-969-1700
Facsimile: 214-969-1751
John.Martin@tklaw.com
Jennifer.Henry@tklaw.com
David.Schulte@tklaw.com

Mark Thomas Clouatre
Habib Nasrullah
WHEELER TRIGG O'DONNELL, LLP
1801 California Street, Suite 3600
Denver, CO 80202-2617
Phone: 303-244-1800
Facsimile: 303-244-1879
clouatre@wtotrial.com
nasrullah@wtotrial.com

COUNSEL FOR DEFENDANT

EXHIBIT A

[Name and Address of
Proposed Recipient of
Confidential Material]

[Name and Address of Counsel
Proposing to Show Confidential
Material to a Third Party]

Re:     *Fields, et al. v. Continental Airlines, Inc.*, Civil Action No. 10–cv–03047–WDM–KMT,
         pending in the United States District Court for the District of Colorado

Dear Counsel:

        You have proposed to disclose to me the confidential and/or proprietary information,
which has been designated as "Confidential" in the above-referenced litigation.  This will
acknowledge:

> **i.**      I have reviewed a copy of the Confidentiality Agreement and Protective
>            Order (the "Order") in the above-referenced action.
>
> **ii.**     I agree to comply with the Order in all respects.
>
> **iii.**    I hereby submit to the jurisdiction of the United States District Court for
>            the District of Colorado, for adjudication of any dispute about whether I
>            have complied with the Order.

_____

[Signature of Proposed Recipient of the confidential
and/or proprietary information]

1299252v.1